# STATE OF CONNECTICUT *v.* GERALDO TORRES
## (15180)

Peters, C. J., and Callahan, Berdon, Norcott and Palmer, Js.

Argued September 22—decision released October 17, 1995

*Lauren Weisfeld*, assistant public defender, for the appellant (defendant).

*Frederick W. Fawcett*, assistant state's attorney, with whom, on the brief, were *Donald A. Browne*, state's attorney, and *C. Robert Satti*, assistant state's attorney, for the appellee (state).

PER CURIAM. The issue in this certified criminal appeal is whether the trial court's preliminary instructions to the jury unconstitutionally diluted the state's burden to establish guilt beyond a reasonable doubt. After a jury trial, the defendant, Geraldo Torres, was convicted of the crimes of murder in violation of General Statutes § 53a-54a, attempted murder in violation

of General Statutes §§ 53a-49 and 53a-54a (a), carrying a pistol without a permit in violation of General Statutes §§ 29-35 and 29-37 (b) and conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54a.[1] The defendant appealed to this court, and we transferred his appeal to the Appellate Court pursuant to General Statutes § 51-199 (c) and Practice Book § 4023. In a per curiam decision, the Appellate Court affirmed the judgment against the defendant. *State* v. *Torres*, 36 Conn. App. 924, 650 A.2d 182 (1994). We granted the defendant's petition for certification to appeal, limited to the issue of the validity of the preliminary jury

[1] General Statutes § 53a-54a provides in relevant part: "Murder. (a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person . . . .

"(c) Murder is punishable as a class A felony in accordance with subdivision (2) of section 53a-35a unless it is a capital felony or murder under section 53a-54d."

General Statutes § 53a-49 provides in relevant part: "Criminal attempt: Sufficiency of conduct; renunciation as defense. (a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

General Statutes § 29-35 provides in relevant part: "Carrying of pistol or revolver without permit prohibited. Exceptions. (a) No person shall carry any pistol or revolver upon his person, except when such person is within his dwelling house or place of business, without a permit to carry the same issued as provided in section 29-28. . . ."

General Statutes § 29-37 provides in relevant part: "Penalties. . . . (b) Any person violating any provision of subsection (a) of section 29-35 may be fined not more than one thousand dollars and shall be imprisoned not less than one year nor more than five years, and, in the absence of any mitigating circumstances as determined by the court, one year of the sentence imposed may not be suspended or reduced by the court. . . ."

General Statutes § 53a-48 provides in relevant part: "Conspiracy. Renunciation. (a) A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

instructions in his case.[2] We dismiss the defendant's appeal.

The defendant does not challenge the accuracy of the trial court's final instructions concerning the state's burden of proof. He maintains, however, that the trial court at voir dire had used hypothetical examples that improperly diluted the concept of proof beyond a reasonable doubt, and that the court had referred back to these examples during its reinstruction of the jurors immediately after they had been sworn in. The defendant argues that the trial court's final instructions impliedly incorporated its allegedly improper preliminary instructions. According to the defendant, the jury would have understood the trial court to have intended such an incorporation because the court's final instructions did not expressly disavow any of its preliminary instructions. At trial, the defendant objected neither to the preliminary instructions when they were given nor to the trial court's alleged failure, in its final instructions, to direct the jury to disregard the preliminary instructions. The defendant maintains that he is nonetheless entitled to appellate review of his claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or as a matter of plain error. Practice Book § 4185. We disagree.

Having examined the record on appeal and studied the briefs and the arguments of the parties, we conclude that the appeal in this case must be dismissed on the

[2] We granted the defendant's petition for certification limited to the following issue "Whether, under the circumstances of this case, the Appellate Court was correct in upholding preliminary and final jury instructions on the issue of reasonable doubt which incorporated instructions given to them as prospective jurors during jury selection." *State* v. *Torres*, 232 Conn. 907, 653 A.2d 194 (1995). In this statement of the issue, we assumed that the trial court's final jury instructions in fact had incorporated instructions earlier given to the jury. The record indicates, however, that the trial court's final instructions contained no express references back to the earlier preliminary instructions.

ground that certification was improvidently granted. The defendant's argument cannot be sustained in light of the holdings in an unbroken series of dispositive cases decided by this court and the Appellate Court. See *State* v. *Marra*, 222 Conn. 506, 536–37, 610 A.2d 1113 (1992); *State* v. *Lewis*, 220 Conn. 602, 614–16, 600 A.2d 1330 (1991); *State* v. *Woolcock*, 201 Conn. 605, 618–28, 518 A.2d 1377 (1986); *State* v. *Kelly*, 23 Conn. App. 160, 168–70, 580 A.2d 520, cert. denied, 216 Conn. 831, 583 A.2d 130 (1990), cert. denied, 499 U.S. 981, 111 S. Ct. 1635, 113 L. Ed. 2d 731 (1991). It would serve no useful purpose for us to repeat the discussion that these cases contain.

The appeal is dismissed.